FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

2017 APR -6 PM 2: 18

CLERK US DISTRICT
M LE DISTR T
OCALA FL

LEVEL 3 COMMUNICATIONS, LLC

      **Plaintiff,**

**v.**                                     **Case No: 5:17-cv-143-Oc-30PRL**

SALSER CONSTRUCTION, INC., f/k/a
SALSER UTILITY SERVICES, INC.

      **Defendant.**

_____ /

## COMPLAINT

    Plaintiff, Level 3 Communications, LLC ("Plaintiff" or "Level 3"), through undersigned counsel, hereby submits the following Complaint for Damages, alleging as follows:

### JURISDICTION AND VENUE

    1.    Level 3 is a Delaware limited liability company, with its principal place of business in Broomfield, Colorado. Level 3's sole member is Level 3 Financing, Inc., a Delaware corporation with its principal place of business in Broomfield, Colorado.

    2.    Salser Construction, Inc., formerly known as Salser Utility Services, Inc. ("Defendant" or "Salser") is a Florida corporation with a principal place of business in Belleview, Florida.

    3.    The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Diversity of citizenship exists and therefore this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1).

    4.    The acts and omissions giving rise to this action occurred in this district. Venue is therefore proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

## BACKGROUND INFORMATION

5.      Level 3 is a telecommunications company that provides telecommunications services through a nationwide network of underground fiber-optic cables and conduits.

6.      By permit from and/or agreement with the City of Weeki Wachee (the "City") and/or the State of Florida (the "State"), Level 3 possesses the right to construct, operate, maintain and reinstall a fiber-optic cable system in the rights-of-way of certain roads in the City. By virtue of this permit and/or agreement, Level 3 is entitled to undisturbed possession of that right. In accordance with this permit and/or agreement, Level 3 laid a fiber-optic cable in the right-of-way along the east side of Commercial Way (US-19) just north of Atlanta Avenue in Weeki Wachee, Florida (the "Cable").

7.      On or about July 29, 2013, Salser damaged the Cable and Level 3's accompanying conduits while performing underground water pipe work.

8.      Salser cut through the Cable and Level 3's accompanying conduits with a handsaw.

9.      As a result, Level 3 temporarily lost the ability to provide telecommunication services to numerous of its customers.

10.      Salser did not notify Level 3 that Salser had damaged the Cable.

11.      Level 3 repaired the cut Cable and accompanying conduits.

12.      At all times relevant, Level 3 was in compliance with the Florida Underground Facility Damage Prevention and Safety Act, Fla. Stat. Chapter 556 (the "Damage Prevention Act").

13.      On November 17, 2016, undersigned counsel sent a letter to Salser demanding payment for the damages Level 3 suffered as a result of Salser's actions (the "Demand Letter").

## FIRST CAUSE OF ACTION – TRESPASS

14.      Plaintiff realleges paragraphs 1 through 13 as if fully set forth herein.

2

15.    On or about July 29, 2013, Salser was performing underground water pipe work along the east side of Commercial Way (US-19) just north of Atlanta Avenue in Weeki Wachee, Florida.

16.    Prior to July 29, 2013, in compliance with the Damage Prevention Act, Level 3 had marked the approximate location of the Cable and Level 3's accompanying conduits.

17.    Upon locating the Cable and Level 3's accompanying conduits, without Level 3's knowledge or consent, Salser cut the Cable and accompanying conduits with a handsaw.

18.    Salser's actions were intentional, grossly negligent and/or reckless, and exhibited a willful and wanton disregard of Level 3's rights and a conscious indifference to the consequences.

19.    Level 3 temporarily lost the ability to provide telecommunication services to numerous of its customers.

20.    Salser did not notify Level 3 that the Cable and accompanying conduits were damaged. Level 3 repaired the Cable and accompanying conduits.

21.    Level 3's reputation for reliable service was damaged by Salser. Level 3's relationship with numerous of its customers was damaged by Salser.

22.    As a direct and proximate result of Salser's actions, Level 3 has suffered damages in excess of $75,000.00.

## SECOND CAUSE OF ACTION – NEGLIGENCE

23.    Plaintiff realleges paragraphs 1 through 22 as if fully set forth herein.

24.    On or about July 29, 2013, Salser was performing underground water pipe work along the east side of Commercial Way (US-19) just north of Atlanta Avenue in Weeki Wachee, Florida.

25.     While installing piping to an underground water hydrant, Salser cut the Cable and Level 3's accompanying conduits with a handsaw.

26.     By permit from and/or agreement with the City and/or the State, Level 3 possessed the right to construct, operate, maintain and install the Cable and accompanying conduits where they were located.

27.     Salser did not possess the authority to cut the Cable and Level 3's accompanying conduits.

28.     As a result of Salser's actions, Level 3 temporarily lost the ability to provide telecommunications services to numerous of its customers, Level 3's reputation for reliable service was damaged, and Level 3's relationship with numerous of its customers was damaged. Level 3 repaired the Cable and accompanying conduits.

29.     Salser's negligent conduct included, but was not limited to:

    A. Failing to plan its water pipe work to avoid damaging the Cable and accompanying conduits;

    B. Failing to exercise due care at all times to protect the Cable and accompanying conduits;

    C. Failing to adhere to applicable statutes, regulations, and industry standards concerning the avoidance of damaging underground fiber-optic cables and conduits;

    D. Failing to adequately train its employees regarding all applicable statutes, regulations, and industry standards concerning the avoidance of damaging underground fiber-optic cables and conduits; and

#50445269_v1

E.  Failing to adequately supervise its employees to ensure compliance with all applicable statutes, regulations, and industry standards concerning the avoidance of damaging underground fiber-optic cables and conduits.

30.    As a direct and proximate result of Salser's actions, Level 3 has suffered damages in excess of $75,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant and that Plaintiff be awarded:

(A) Such damages as are deemed to be just and proper, including Level 3's costs of repairing the Cable and accompanying conduits, the damages Level 3 suffered as a result of temporarily losing the ability to provide telecommunications services to numerous customers, and the reputational and relationship damages Level 3 suffered from the temporary interruption of its telecommunications services to numerous customers;

(B) Plaintiff's costs of this action;

(D) Pre-judgment and post-judgment interest on any award of damages to the extent permitted by law; and

(E) Such other and further relief as this Court may deem just and proper.

Dated this 5th day of April, 2017.

HOLLAND & KNIGHT, LLP

By:    s/David J. Lisko
David J. Lisko, #48717
Florida Bar No. 0092841
Primary: david.lisko@hklaw.com
Secondary: joann.colon@hklaw.com
Holland & Knight LLP
100 North Tampa St., Ste. 4100
Tampa, Florida 33602

5

#50445269_v1

Tel: 813-227-8500
Fax: 813-229-0134

*Attorney for Plaintiff*

#50445269_v1