LEVEL 3 COMMUNICATIONS, LLC,

      Plaintiff,

v.                             Case No: 5:17-cv-143-Oc-30PRL

SALSER CONSTRUCTION, INC.,

      Defendant.

_____

## ORDER

During an excavation in 2013, Salser Construction, Inc., damaged a fiber-optic cable owned by Level 3 Communications, LLC, and Level 3 sued Salser in this Court. Salser moves to dismiss for lack of subject-matter jurisdiction, alleging Level 3's damages, excluding unrecoverable loss-of-use damages, do not exceed $75,000. Because the recoverable damages exceed $75,000, the Court concludes the Motion should be denied.

## BACKGROUND

Salser damaged a fiber-optic cable owned by Level 3 in July 2013. Level 3 sent Salser a $20,596.73 repair invoice two months later. Level 3 later sent a letter to Salser demanding payment of the $20,596.73 invoice.

On April 6, 2017, Level 3 sued Salser for trespass and negligence related to the damaged cable in federal court based on diversity of citizenship. The Complaint alleges Level 3's damages exceed $75,000, including loss-of-use damages. According to Level 3's response to Salser's Motion, the loss-of-use damages total $82,577.50.

Salser now moves the Court to dismiss the Complaint for lack of subject-matter jurisdiction, arguing that Level 3's damages do not exceed $75,000. While Salser disputes that Level 3 would even be entitled to recover the full $20,596.73 price of its invoice, Salser argues Level 3 is in no way entitled to recover loss-of-use damages.

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## DISCUSSION

Whether this Court has subject-matter jurisdiction depends on whether Level 3 is barred from recovering loss-of-use damages.[1] Because the Court concludes Level 3 is not barred from seeking loss-of-use damages, this Court has jurisdiction and Salser's Motion should be denied.

"Federal courts are courts of limited jurisdiction." *Burns v. Windsor Ins., Co.,* 31 F.3d 1092, 1095 (11th Cir. 1994). To invoke a court's diversity jurisdiction, a plaintiff must claim that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Generally, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Here, Level 3 claims it has loss-of-use damages totaling $82,577.50, and repair costs of $20,596.73. (Doc. 22, ¶ 4). So if Level 3 cannot recover loss-of-use damages, it would appear to a legal certainty that the amount in controversy does not exceed $75,000.

Salser claims that loss-of-use damages are not recoverable based on *MCI WorldCom Network Services, Inc. v. Mastec, Inc.*, 995 So. 2d 221, 229 (Fla. 2008); and *MCI WorldCom Network Services, Inc. v. Mastec, Inc.*, 544 F.3d 1200, 1201 (11th Cir. 2008) (collectively, the "MCI Cases"). But as Level 3 notes, Salser reads the MCI Cases too broadly.

---

[1] Because the loss-of-use damages claimed by Level 3 is dispositive of whether its claim satisfies the amount in controversy requirement, the Court declines at this time to address whether Level 3's claims for corporate overhead expenses and claims processing expenses are recoverable.

In the MCI Cases, MCI sought loss-of-use damages against Mastec when Mastec damaged one of MCI's underground fiber-optic cables. 995 So. 2d at 222–23. But MCI did not suffer a disruption in its service because it was able to redirect telecommunications traffic to other cables in its system. *Id.* The Florida Supreme Court, while answering a certified question from the Eleventh Circuit Court of Appeals, held that MCI could not recover loss-of-use damages because there was no actual loss of use or rental of replacement cable, nor interruption of service to MCI's customers. *Id.* at 229

The facts alleged by Level 3 in the Complaint are distinguishable from the MCI Cases. Unlike MCI, Level 3 alleges it lost the ability to provide services to numerous customers (Doc. 1, ¶¶ 9, 19, and 28). So Level 3 is alleging that it suffered actual damages for loss of use, as opposed to the theoretical damages claimed by MCI. If proven by Level 3, the Court concludes loss-of-use damages would be recoverable in this case. As such, the Court cannot say that it is a legal certainty that the amount in controversy is below the jurisdictional minimum and concludes Salser's Motion should be denied.

Accordingly, it is ORDERED AND ADJUDGED that:

1.      Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 9) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of July, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

4